UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DEANA PERILLO,

    Plaintiff,

vs.

TODD MILLER AND ANTHONY GENTILE,
sued individually,

    Defendants.

-----------------------------------------------------------x

JUDGE KARAS

**COMPLAINT**

08 CIV. 6819

By and for her Complaint, plaintiff Deana Perillo alleges as follows:

I. **PARTIES**

1. Plaintiff Deana Perillo is a resident of the County of Dutchess, State of New York, within this judicial district.

2. At all relevant times, defendant Todd Miller worked as a State Trooper for the New York State Police in the County of Dutchess, State of New York, within this judicial district.

3. At all relevant times, defendant Anthony Gentile worked as a State Trooper for the New York State Police in the County of Dutchess, State of New York, within this judicial district

4. Each and every action complained of was committed by defendants under color of state law and while they were in their uniforms and using the authority provided them as agents of the State of New York.

II. **JURISDICTION**

5. As plaintiff claims that defendants falsely arrested and detained her without probable cause and in retaliation for her protected activity in violation of the First Amendment, as made actionable by 42 U.S.C. sec. 1983, this Honorable Court has jurisdiction of this matter pursuant

to 28 U.S.C. secs. 1331, 1343(3) & (4) and 42 U.S.C. sec. 1988 [for the purpose of awarding reasonable attorneys' fees and costs].

### III. **STATEMENT OF FACTS**

6. On August 16, 2007, plaintiff was driving from a gym where she worked to her home along Route 9 in the County of Dutchess.

7. She stopped at a red light and, through no fault of plaintiff's, another vehicle rear-ended her.

8. As a former police officer, plaintiff immediately called 911 and began directing traffic away from the scene of the accident.

9. Defendants arrived on the scene and ascertained that, as she had reported, plaintiff was rear-ended by another vehicle through no fault of her own.

10. However, rather than ticketing the vehicle which rear-ended plaintiff for unsafe operation, defendants placed plaintiff under arrest, detained her at the police station and charged her with a violation of Vehicle and Traffic Law section 1192, claiming that she was driving her vehicle in a state impaired by drugs.

11. In fact, at the scene, plaintiff was entirely coherent, responsive, displayed no signs of impairment and was not impaired.

12. When asked, plaintiff did advise the police officers that she was taking prescribed medications as she had for years while working as a police officer.

13. Defendants lacked arguable probable cause or probable cause to arrest plaintiff, detain plaintiff and/or charge her with any offense to the Vehicle and Traffic Laws of the State of New York.

14. In March 2008, a petit jury found plaintiff not guilty of driving while impaired by the use of drugs and she was completely exonerated.

15. Defendants lodged the charge against plaintiff because Gentile was familiar with her and knew that she had brought suit against her former police chief for sexual harassment.

16. Defendants arrested and prosecuted plaintiff because Gentile wished maliciously to retaliate against her for her use of the federal courts to vindicate her civil rights.

17. Defendants maliciously fabricated information about plaintiff's status and appearance in an effort to sustain the baseless charge they lodged.

18. This pattern of conduct continued through trial when both defendants made false statements indicative of their malice toward plaintiff.

19. The false statements made out of court by the defendants to trigger this prosecution caused plaintiff to appear repeatedly in court.

20. As a consequence of her false arrest and malicious prosecution, plaintiff suffered anxiety, mental anguish, humiliation, embarrassment, loss of professional standing and opportunity.

## CAUSES OF ACTION

21. Plaintiff incorporates paras. 1-20 as if fully set forth herein.

22. By falsely arresting plaintiff, defendant violated her right to be free of unreasonable seizure under the Fourth Amendment of the United States Constitution, as made actionable against defendants by and through 42 U.S.C. sec. 1983.

23. By falsely arresting plaintiff because of her use of the federal court to vindicate her civil rights, defendants violated her right to access the courts without such burden in violation of

the First Amendment to the United States Constitution as made actionable against defendants by and through 42 U.S.C. sec. 1983.

24. By maliciously prosecuting plaintiff, defendants violated rights to due process of law provided her by the due process clause of the 14th Amendment as made actionable against defendants by and through 42 U.S.C. sec. 1983.

25. By maliciously prosecuting plaintiff, defendants committed a tort actionable as such pursuant to 28 U.S.C. sec. 1367 and as this cause of action arises from the same nucleus of operative facts as those set forth in paragraphs 22-24, this Honorable Court should exercise supplemental jurisdiction over it.

WHEREFORE, plaintiff prays that this Honorable Court accept jurisdiction over this matter, empanel a jury to fairly hear and decide all questions within its jurisdiction, order defendants to pay a sum set by the jury in compensatory damages with pre- and post-judgment interest, order defendants to pay a sum set by the jury in punitive damages with pre and post-judgment interest, order defendants to pay the reasonable attorneys fees and costs plaintiff incurs in this matter and any other relief as seems to the Court equitable and in the interests of justice.

Respectfully submitted,

MICHAEL H. SUSSMAN [3497]

SUSSMAN & WATKINS
PO Box 1005
The Goshen Inn
40 Park Place
Goshen, NY 10924
(845)-294-3991

Counsel for Plaintiff